IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT § | LEAD | |
| OF STOLT TANKERS B.V., STOLT § | C.A. NO. 3:21-CV-00365 | |
| FLAMENCO B.V. AND STOLT TANKERS § | | |
| USA, INC., AS OWNERS AND OPERATORS § | (ADMIRALTY) | |
| OF THE STOLT FLAMENCO, § | | |
| FOR EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | | |

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT § | C.A. NO. 3:22-CV-00105 | |
| OF HAMMONIA REEDEREI GMBH & § | | |
| CO. KG AS OWNER PRO HAC VICE AND § | | |
| COMMERCIAL/OPERATIONAL § | (ADMIRALTY) | |
| MANAGER OF THE M/V MSC VALENCIA § | | |
| IMO NO. 9301471, FOR EXONERTAION § | | |
| FROM OR LIMITATION OF LIABILITY § | | |

## REPLY IN SUPPORT OF RULE 60 MOTION FOR RELIEF FROM ORDER

COMES NOW, Limitation Petitioner Hammonia Reederei GmbH & Co. KG ("Hammonia") to submit its reply in support of its motion for Rule 60 relief and respond to the arguments raised by Susan Perry-Monroe, Individually, and as Personal Representative of the Estate of Dewey Monroe and Donald Currie (the "Claimants"). Respectfully, Claimants failed to demonstrate that Hammonia is not entitled to the relief it requests, to wit, that the Court vacate its earlier order of dismissal concerning the Stolt Action based on the invalidity of the purported "settlement" with the Claimants, and reactivate both the Stolt Action and Hammonia's contribution claim therein.

Hammonia responds to Claimants' arguments as follows:

617499.00621/130489326v.1

I.

A.  **Hammonia Made No Accusations of "Discovery Improprieties"**

Contrary to Claimants' assertion, Hammonia's opening brief did not accuse Claimants of any "discovery improprieties." Instead, Hammonia simply provided a straightforward account (supported by documentary proof) of its efforts to determine whether a settlement agreement between Stolt and Claimants had in fact taken place after Claimants disclaimed the existence of a written agreement in response to a discovery request. Hammonia's efforts ultimately resulted in the written agreement being produced by Stolt. Hammonia recounted its efforts so that the Court would be aware of why this motion is being brought when it is, roughly five (5) months after Stolt's limitation action was dismissed on the basis of the announced settlement between Stolt and Claimants. Stolt produced the purported settlement agreement on December 13, 2022, and, after an analysis of same (and the intervening Christmas and New Year holidays), Hammonia timely filed its Rule 60 motion.

To the extent that Claimants' counsel apparently believe that the unvarnished facts cast their conduct in a bad light, Hammonia has no comment – but in any event, Hammonia did not level any accusations or cast any aspersions on Claimants or their counsel in its Rule 60 motion. To borrow from Shakespeare, Claimants' brief doth protest too much.

B.  **Hammonia Possesses Standing**

Claimants assert that Hammonia lacks standing to challenge their settlement with Stolt, as Hammonia allegedly has not "been deprived of a substantive right." But Hammonia's opening brief clearly establishes that its substantive rights have been

impacted by the purported settlement. Namely, Hammonia was deprived of its contribution claim against Stolt in the Stolt Limitation Action (while simultaneously, Stolt obtains a contribution claim by proxy against Hammonia). The ability to assert the contribution claim against Stolt was a substantive right. However, under maritime law, the existence of a valid settlement agreement extinguishes contribution claims by alleged joint tortfeasors against the settling defendant. See *Combo Maritime Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 603 (5th Cir. 2010). It was on that basis that Stolt obtained the full dismissal of its Limitation Action, including Hammonia's contribution claim. If the settlement agreement is invalid, whether under Texas or maritime law, then Hammonia should be allowed to pursue its contribution claim unless and until Stolt and the Claimants execute a settlement agreement without the offending assignment of interests against Hammonia.

**C.  Claimants' Caselaw "Implicitly Approving" Mary Carter Agreements in Maritime Cases is Stale**

As noted in Hammonia's opening brief, the validity of the settlement agreement must first be examined under Texas law, as parties cannot unilaterally contract into application of maritime law. However, to the extent that maritime law is applicable by virtue of the settlement agreement's impact on a remaining defendant in a maritime tort lawsuit, then the rule established in *Combo Maritime* weighs in favor of invalidating the agreement, despite Claimant's reliance on past, "implicit" approval of Mary Carter agreements by the Fifth Circuit.

In this regard, the proportionate liability framework for maritime cases established by the U.S. Supreme Court in *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994), is based on the principle that a defendant should pay no more than its proportionate share of the judgment. *Id*. at 212. In a sister case decided that same day, the Supreme Court also held that when one defendant settles its claim with the plaintiff, "actions for contribution against settling defendants are neither necessary nor permitted." *Boca Grande Club, Inc. v. Fla. Power & Light Co*., 511 U.S. 222, 222 (1994) (citing *AmClyde*, 511 U.S. at 202). Building off these decisions, the Fifth Circuit held that *AmClyde*'s proportionate liability scheme bars a settling tortfeasor from seeking contribution from a non-settling tortfeasor. *Ondimar Transportes Maritimos v. Beatty St. Props., Inc*., 555 F.3d 184, 187 (5th Cir. 2009). Further, a settling tortfeasor may not seek recovery from a non-settling tortfeasor based on an assignment of the property damage claim by the plaintiff. See *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc*., 567 F.3d 182, 185 (5th Cir. 2009). Finally, in *Combo Maritime*, the Fifth Circuit made clear that the <u>only</u> instance in which a settling tortfeasor could maintain a contribution claim against a non-settling tortfeasor is when the settling party obtains a full release for all potentially liable parties. *Combo Maritime*, 615 F.3d at 603.

Notably, <u>all</u> the Fifth Circuit cases cited by Claimants for the proposition that the Fifth Circuit "implicitly approves" of Mary Carter agreements were issued <u>prior</u> to the Supreme Court's 1994 *AmClyde* decision, and therefore long before the *Combo Maritime*

case was decided.[1] Here, the Court is presented with a situation where an ostensibly settling party (i.e., Stolt) has a continued financial interest in, and possible recovery from, funds which might be extracted from a non-settling alleged joint tortfeasor (i.e., Hammonia). <u>What Stolt and Claimants have structured is nothing less than a contribution claim against Hammonia in everything but name</u>. Stolt and Claimants sought to hide this arrangement from Hammonia, even scripting out in the settlement agreement the exact words which Claimants were to say if directly questioned about the terms of the settlement. See Hammonia's Ex. C at p. 5, available at Dkt. 58-3. But Hammonia, through its diligent efforts, was able to learn of Stolt's questionable settlement terms. Having now brought the issue to the Court's attention, the Court can and should declare the agreement invalid – the settlement terms are contrary to both relevant Texas law and controlling federal maritime law.

**D.     Stolt's "Position" is Irrelevant**

Despite receiving Hammonia's Rule 60 motion via electronic service, Stolt's counsel elected to refrain from filing a formal response on their client's account. That election is of no account – should the Court determine that the Stolt Limitation Action was improvidently dismissed, the Court would retain jurisdiction over Stolt to make it appear. Moreover, the declaration submitted by Stolt's counsel holds no evidentiary weight. Counsel's declaration that the settlement agreement "is valid and enforceable" and "not

---

[1]     Claimants also cited to a few district court cases who mentioned Mary Carter type settlements, and which were decided after *AmClyde* was issued. However, in neither of those cases was the issue of the validity of the Mary Carter agreement presented to the court. Indeed, from the undersigned's research, it appears that the issue of *AmClyde* and *Combo Maritime*'s impact on the validity of Mary Carter agreements is a matter of first impression.

617499.00621/130489326v.1

prohibited under maritime law" are not dispositive. These are the very issues of law that this Court, and this Court alone, can resolve.

## II.

WHEREFORE, premises considered, Hammonia Reederei GmbH & Co. KG respectfully requests that the Court declare the Stolt – PI Claimants Agreement invalid, vacate its earlier order of dismissal concerning the Stolt Action pursuant to Rule 60, and reactivate both the Stolt Action and Hammonia's contribution claim therein. Hammonia further requests that the Court deny the PI Claimant's motion to lift the stay in the Hammonia Action.

Dated: February 6, 2023  
       Houston, Texas

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Jeremy A. Herschaft*  
Jeremy A. Herschaft, *Attorney-in-Charge*  
State Bar No. 24091970  
Fed. I.D. No. 2450990  
Michael K. Bell  
State Bar No. 02081200  
Fed. I.D. No. 5085  
Zachary R. Cain  
State Bar No. 24078297  
Fed. I.D. No. 1829905  
717 Texas Avenue, Suite 1400  
Houston, Texas 77002  
Telephone: (713) 228-6601  
Facsimile: (713) 228-6605  
Email: jeremy.herschaft@blankrome.com  
Email: michael.bell@blankrome.com  
Email: zachary.cain@blankrome.com  

**Attorneys for Hammonia Reederei GmbH & Co. KG**

617499.00621/130489326v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with Federal Rule of Civil Procedure 5 on all counsel and/or parties of record on this 6th day of February, 2023.

/s/ *Jeremy A. Herschaft*
Jeremy A. Herschaft